IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM ORTEGA,

    Plaintiff,

v.                                                           CIV 02-678 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Plaintiff William Ortega previously worked as a tree service operator, grounds keeper, clerk, and laborer. At age forty-three he applied for disability and supplemental security income benefits alleging he became disabled in October 1995 from a back injury he sustained in an automobile accident. He was involved in another automobile accident sometime during 1999 while his applications were still pending, and he claimed the second accident injured his neck and left arm. Plaintiff also has extremely poor vision in his right eye. *E.g., Administrative Record* ("*Record*") at 3, 19-21, 86-88, 99, 120, 122, 147, 264.

    The Administrative Law Judge ("ALJ") found that Plaintiff has the residual functional capacity to perform "light work" with a number of limitations: "[no] climbing ladders or scaffolding, balancing, no working at unprotected heights, no working around moving machinery, no reaching forward or overhead with the left hand, weakness of grip in left hand and right eye blindness." *Id.* at 22. With the aid of the testimony from a vocational expert, and adding the additional limitation requiring "changing sitting and standing positions every ½ hour and an

essentially non-useful left arm and hand," *id.,* the ALJ identified surveillance monitor and sales representative as jobs Plaintiff can perform. The ALJ therefore denied benefits at Step 5 under the framework of Medical-Vocational Rule 202.17, *id.* at 23. After granting an extension of time and considering additional evidence, the Appeals Council declined review on May 17, 2002, thereby rendering the ALJ's decision final. *Id.* at 7-9.

This matter is before the court on Plaintiff's motion to reverse or remand, where he asserts that the ALJ committed two errors. *Doc. 14.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

I have read and carefully considered the entire record and the briefs of the parties.[1] I find Respondent's accurate and thorough arguments dispositive of both issues and, as such, incorporate Respondent's discussion herein. I confine my remarks to a few additional observations.

---

[1] Plaintiff did not file a reply and his counsel did not respond to the court's three telephone messages inquiring whether a reply was forthcoming or whether briefing was in fact complete. *See* D.N.M.LR-CIV. 7.3(b) ("In all cases, upon the completion of briefing, the movant must file and serve on each party  Notice of Completion of Briefing. The Notice of Completion of Briefing must identify by date of filing and docket number the motion which is ready for decision and all briefs or other papers which have been filed relating to that motion.").

Citing the ALJ's one sentence summary findings, Plaintiff also argues that the ALJ only "superficially" considered his impairments in combination in concluding they do not preclude him from light work. *Doc. 15* at 6 (citing Record at 24). This argument takes the ALJ's sentence out of context and ignores the rest of the ALJ's opinion where he reviewed the objective medical evidence, the residual functional capacity assessments, Plaintiff's testimony, and the responses of the vocational expert to the hypothetical question. Thus, I find that the ALJ properly considered the impairments in combination. *See Ellison v. Sullivan,* 929 F.2d 534 (10th Cir. 1990).[2]

Plaintiff also argues that the ALJ erred in his credibility determination because the "ALJ failed to give any explanation whatsoever for why he disbelieved his testimony," *Doc. 15* at 5, and disregarded Plaintiff's testimony of pain despite his documented prior work history and automobile accidents, *see id.* at 4-5. Again, these assertions do not accurately characterize the ALJ's opinion.

The ALJ found that Plaintiff has an objective "pain producing impairment but exaggerates the degree of pain experienced" and cited Plaintiff's testimony about his "very comprehensive activities of daily living" as the basis for the conclusion. *Record* at 21. Plaintiff's descriptions of his daily activities indeed show that he engages in comprehensive activities. He drives his elderly

---

[2] Plaintiff finally contends the ALJ failed to adequately consider the combination of his exertional and nonexertional impairments in evaluating plaintiff's ability to return to work. The ALJ properly relied on the testimony of a vocational expert that plaintiff had residual functional capacity for a limited range of light work and there were jobs he could perform. This testimony is substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled.

*Id.* at 537.

parents to appointments five times a week; attends his own physical therapy sessions for an hour every day and anger management classes twice a week; performs light household chores around the house such as cleaning, cooking, and grocery shopping; he sits to fish; watches televison for four hours in the evening; visits neighbors twice a week to socialize; moved furniture into a new apartment in October 1999; and was working as the owner of his own tree service under a thirty-pound lifting restriction in July 1999.

These descriptions are not mere limited activities. Moreover, they directly contradict and undermine his testimony during the hearing that he suffers from such chronic, unbearable back that he must take medication and lie down the entire day approximately four days out of the week *See e.g., id.* at 42-44, 46-48, 57, 102, 118, 257, 261. Reviewing physicians, however, found Plaintiff's limitations consistent with medium work. *Id.* at 218-25, 235-42. Nevertheless, in addition to other limitations supported by the medical evidence, the ALJ credited Plaintiff's asserted physical limitations in his hypothetical to the vocational expert. He also submitted the asserted but uncredited assertion that Plaintiff has to lie down all day to the vocational expert, who unsurprisingly testified that no jobs would allow Plaintiff to lie down all day. *See id.* at 22; *id.* at 37-39, 53-59.

Although the ALJ's opinion could have been more thorough in its discussion of the evidence and the factors he considered in making his credibility determination, he did apply the correct legal standard. As in *Qualls v. Apfel,* 206 F.3d 1368 (10th Cir. 2000)

> the ALJ did not simply recite the general factors he considered, he also stated what specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible. Contrary to plaintiff's view, our opinion in *Kepler [v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)] does not require a formalistic factor-by-factor

4

>   recitation of the evidence. So long as the ALJ sets forth the
>   specific evidence he relies on in evaluating the claimant's credibility,
>   the dictates of *Kepler* are satisfied.

*Id.* at 1372. Based on my review of the entire record, substantial evidence supports the ALJ's credibility determination and, therefore, it will not be disturbed by this court. *Diaz v. Secretary of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 14)* is DENIED and the decision of the Commissioner is affirmed. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.